IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CRIMINAL ACTION NO. 14-323-1 |
| | : |
| v. | : |
| | : |
| WILLIAM DORSEY | : |
| | : |

**McHUGH, J.**                                                                                                                                  **February 16, 2021**

**MEMORANDUM**

In September 2014, Defendant William Dorsey was indicted as the lead defendant in a large drug conspiracy. Among the charges were drug and firearm offenses, which included conspiracy to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(e). On September 18, 2015, Mr. Dorsey pleaded guilty, and he is currently serving his sentence.

On June 4, 2020, Mr. Dorsey filed a *pro se* petition under 18 U.S.C. § 3582(c) requesting compassionate release due to the COVID-19 pandemic. *See* ECF No. 1181. His short petition stated, without elaboration or any supporting documentation, that he "has medical conditions that place [him] at high risk of hospitalization requiring intensive care should [he] contract Covid-19." *Id.* Because Mr. Dorsey had failed to exhaust his administrative remedies, I denied his motion. *See* ECF No. 1184.

1

Mr. Dorsey has since filed a *pro* se request for reconsideration, claiming that the closure of the prison library and other facilities has impaired his ability to properly exhaust his remedies. *See* ECF No. 1202. For purposes of this motion, I will assume that he has exhausted administrative remedies. But he provides no further detail as to why he contends he is eligible for compassionate relief. Mr. Dorsey is currently 38 years of age, and when interviewed for the Presentence Investigation Report, he described himself as being in "good" health. He identified no medical condition and was not on medication or under the care of any physician. *See* PSIR, June 23, 2017, pps. 91-92. He remained in good health at the time of sentencing in May 2019. Consequently, his non-specific reference to conditions placing him "at high risk" from COVID-19 hangs in a vacuum and provides no basis for relief.

Separately, Mr. Dorsey requests appointment of counsel. *Id.* For the reasons that follow, his request will be denied.

A criminal defendant's constitutional right to appointed counsel generally "extends to the first appeal as of right and no further."[1] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). *See also Coleman v. Thompson*, 501 U.S. 722, 756 (1991); *Government of Virgin Islands v. Warner*, 48 F.3d 688, 692 (3d Cir. 1995) (observing that there is no constitutional right to counsel in collateral criminal proceedings). Applying this logic, several courts of appeals have further held that there is no constitutional right to counsel with respect to motions for relief under § 3582. *See U.S. v. Legree*, 205 F.3d 724, 729 (4th Cir. 2000); *U.S. v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir.

---

[1] There are several notable exceptions to this rule. In Pennsylvania state court, post-sentencing motions are a critical stage under the Sixth Amendment. *See Richardson v. Superintendent Coal Township SCI*, 905 F.3d 750, 764 (3d Cir. 2018). The Supreme Court has also held that, in limited circumstances, due process requires the appointment of counsel in post-conviction proceedings in which principles of fairness and due process necessitate the assistance of a trained advocate. *See, e.g., Gagnon v. Scarpelli,* 411 U.S. 778, 790 (1973) (holding that petitioner was entitled to representation in a revocation of parole matter where witness examination was required). The decision to appoint counsel in these cases should be made on a case-by-case basis. *Id.* These exceptions do not apply in this case, as Defendant was tried in federal court and does not face a proceeding where the principle of due process necessitates a trained advocate.

1995); *U.S. v. Reddick*, 53 F.3d 462, 464 (2d Cir. 1995); *U.S. v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999); *U.S. v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996).  The Third Circuit has separately observed that "a proceeding under 18 U.S.C. § 3582(c) is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution." *U.S. v. Styer*, 573 F.3d 151, 154 (3d Cir. 2009).  It is therefore clear that a defendant does not have a constitutional right to appointment of counsel when seeking compassionate relief.

Nor can it be said that a defendant has a statutory right to appointment of counsel in seeking compassionate release.  The Criminal Justice Act outlines criteria to determine when financially eligible persons are entitled to representation.  *See* 18 U.S.C. § 3006A(a)(1).  Mr. Dorsey's § 3582 claim does not expressly fall within any of the categories delineated by the statute.  And the Coronavirus Aid, Relief, and Economic Security ("CARES") Act permits the Bureau of Prisons to lengthen the maximum amount of time for which a prisoner may be placed on home confinement but does not mandate that counsel be appointed to facilitate applications for such relief.  *See* Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020).

Nonetheless, motions for compassionate relief call for the application of the § 3553(a) factors, which are core elements of the sentencing function and require the evaluation of post-sentencing facts.  To that extent, even though such motions may not in strict technical terms be "ancillary" proceedings triggering a statutory right to counsel, there is nonetheless certainly a basis for the appointment of counsel under the Criminal Justice Act.  Circuit courts have, in a variety of settings, recognized the discretionary authority of district courts to appoint counsel following conviction and direct appeal where the issues involved warrant the participation of counsel. *See e.g. Reddick,* 53 F.3d at 465 (district court had discretion to appoint counsel following Guideline reductions); *Whitebird,* 55 F3d at 1010 (same); *United States v. Robinson,* 542 F.3d 1045, 1051

(5th Cir. 2008) (appointment of counsel for § 3582(c)(2) resentencing based on Guideline reductions was "in the interest of justice"); *United States v. Harris,* 568 F.3d 666, 668 (8th Cir. 2009) (appointment of counsel in proceedings under § 3582(c)(2) rests within discretion of the court); *United States v. Webb*, 565 F.3d 789, 794 (11th Cir. 2009) (court has discretion to appoint an attorney for 3582(c)(2) motions).

The Third Circuit has not established a standard for the appointment of counsel in compassionate release cases. In the related context of motions under the First Step Act, a non-precedential panel applied the same standard followed in deciding motions for counsel under 28 U.S.C. § 1915(e)(1).[2] *See United States v. Gibbs*, 787 Fed.Appx. 71 (3d Cir. 2019). That standard, established by *Tabron v. Grace*, 6 F.3d 147, 155–57 (3d Cir. 1993), sets forth several factors a district court should consider.[3]

As a threshold matter, I must determine whether Mr. Dorsey's claim "has some merit in fact and law." *Id.* at 155. *Accord Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002). If a petitioner fulfills this initial burden, then a court must consider:

1. the plaintiff's ability to present his or her own case;

2. the difficulty of the particular legal issues;

3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. the plaintiff's capacity to retain counsel on his or her own behalf;

---

[2] § 1915(e)(1) empowers a district court to "request an attorney to represent any person unable to afford counsel."

[3] In compassionate release cases, a number of district courts have assumed the applicability of the *Tabron* factors to requests for appointment of counsel. *See, e.g.*, *US v. Freed*, No. 2:11-cr-00132, 2020 WL 5604057, at *1 (W.D. Pa. Sept. 18. 2020*); *U.S. v. Evans*, No. 13-173, 2020 WL 3574367, at *1 (W.D. Pa. June 30, 2020); *U.S v. Johnson*, No. 08-374, 2020 WL 5203623, at *3 (W.D. Pa. Sept. 1, 2020); *U.S v. Munford*, 15-376-7, 2021 WL 111863 at *6 (E.D. Pa. Jan 12, 2021).

4

5. the extent to which a case is likely to turn on credibility determinations, and;

6. whether the case will require testimony from expert witnesses.

*Tabron,* 6 F.3d at 155–57.

On the merits, it is unlikely Mr. Dorsey can establish a basis for compassionate release. His failure to identify any specific factor placing him at risk, coupled with his unremarkable medical history, suggest he will be unable to make a showing of "extraordinary and compelling reasons" under 18 U.S.C. §3582(c)(1)(A)(i).  Moreover, given his past record and the conduct to which he pleaded guilty, it is highly likely that the required analysis of § 3553(a) would weigh heavily against him.

Even without counsel, Mr. Dorsey would be fully capable of setting forth the basis on which he seeks relief, as he is an intelligent individual who was an effective witness at trial and a capable advocate for himself at sentencing. Neither factual investigation nor experts are required. The issues are well-defined, and this Court has reviewed numerous motions for compassionate relief that were cogently stated by other defendants proceeding *pro se*, including one that was successful.

An appropriate order follows.

    _s/Gerald Austin McHugh_
United States District Judge