IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | No. 14-323-1 |
| WILLIAM DORSEY | : | |
| | : | |
| | : | |

McHUGH, J.                                                                                           March 23, 2021

**MEMORANDUM**

In September 2014, William Dorsey ("Defendant") was indicted as the lead defendant in a large drug conspiracy. Among the charges were drug and firearm offenses, which included conspiracy to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(e). On September 18, 2015, Mr. Dorsey pleaded guilty. *See* 14-CR-323, ECF No. 454, and ultimately was sentenced to a total of 180 months in each case, to run concurrently, and ten years of supervised release. *See* 14-CR-323, ECF No. 1122. He moved *pro se* for post-conviction relief pursuant to 28 U.S.C. § 2255, and his motion was denied. ECF 1170. As part of that motion, he raised a supplemental claim under the Supreme Court's decision in *Rehaif v. United States,* 139 S. Ct. 2191 (2019). This supplemental claim is also without merit and will be denied. Mr. Dorsey was the leader of a large drug conspiracy. He faced a guideline range of life based upon an offense level of 45, reduced to 43, and a criminal history category of VI, PSR ¶ 366, 375), based exclusively on the drug trafficking counts and his status as a career offender.

He pleaded guilty to multiple counts. The sentence imposed was imprisonment for 180 months, with a concurrent term of 180 months on Count 252, the 922(g) charge. ECF 1122.

The concurrent sentence doctrine renders any legal error irrelevant. "That canon may appropriately be applied when the alleged error is associated only with counts for which concurrent sentences are imposed and the other sentences are unassailable. In that circumstance, an appellate court may decline to review the challenged rulings. The theory is that because the defendant remains sentenced in any event, reviewing the concurrently sentenced counts is of no utility. The practice is eminently practical and conserves judicial resources for more pressing needs." *Jones v. Zimmerman,* 805 F.2d 1125, 1128 (3d Cir. 1986). *See also Gardner v. Warden Lewisburg USP,* 845 F.3d 99 (3d Cir. 2017). In short, given the way the sentence was structured, there was no adverse consequence for Mr. Dorsey arising out of his pleading guilty to the firearm charge.

In addition, this claim was waived and Mr. Dorsey cannot establish factual innocence under *Bousley v. United States*, 523 U.S. 614, 622 (1998). The presentence report establishes that he pleaded guilty in state court on September 13, 2010, to manufacturing or delivering a controlled substance and the possession of a firearm by a prohibited person. He was sentenced to four to eight years imprisonment to run concurrently with any other sentence. He was released from state prison in this case on October 16, 2012, so he actually served more than one-year imprisonment. PSR ¶ 392. In addition, Mr. Dorsey was found guilty of carrying a firearm without a license on January 13, 2009 and sentenced to 42 to 84 months imprisonment in that case, which ran concurrently to the 2010 conviction. PSR ¶ 391.

For these reasons, Petitioner's supplemental claim for relief is denied.

                                                      /s/ Gerald Austin McHugh
                                                  United States District Judge